JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-8752 PA (MBKx) | Date | November 5, 2025 |
|---|---|---|---|
| Title | Telon Weathington v. Samsung Electronics America, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

    Before the Court are a Motion to Remand filed by plaintiff Telon Washington ("Plaintiff") (Docket No. 12) and a Motion to Compel Arbitration filed by defendant Samsung Electronics America, Inc. ("SEA") (Docket No. 18). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds these matters appropriate for decision without oral argument. The hearings calendared for November 17, 2025, and November 24, 2025, have been vacated, and the matters taken off calendar.

    SEA removed this action, which asserts claims on behalf of a putative class of "[a]ll consumers residing in the state of California" who purchased certain Samsung Galaxy devices within the prior four years, to this Court on September 15, 2025 pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Plaintiff's Motion to Remand asserts that Plaintiff's filing of the Second Amended Complaint ("2nd AC"), in which Plaintiff added Samsung Semiconductor, Inc. ("SSI"), which is incorporated in California and has its principal place of business in California, trigger's CAFA's home state and local controversy exceptions. See 28 U.S.C. §§ 1332(d)(4)(A) & (B). Plaintiff also asserts in its Motion to Remand that SEA had not adequately established that the amount in controversy exceeds CAFA's $5 million jurisdictional minimum. Defendant filed an Opposition to the Motion to Remand, in which it supports its allegations in the Notice of Removal that the amount in controversy exceeds $5 million. Plaintiff did not file a Reply.

    The Court concludes that Defendant has met its burden that the amount in controversy exceeds $5 million. The Court additionally concludes that Plaintiff's post-removal filing of the 2nd AC, with the addition of a local defendant, does not provide a basis to remand this action. See Broadway Grill, Inc. v. Visa Inc., et al., 856 F.3d 1274, 1279 (9th Cir. 2017) ("We therefore remain in agreement with the other circuits in holding that CAFA means what it says—citizenship of the class for purposes of minimal diversity must be determined as of the operative complaint at the date of removal."); id. at 1278-79 (noting that the legislative history

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-8752 PA (MBKx) | Date | November 5, 2025 |
|---|---|---|---|
| Title | Telon Weathington v. Samsung Electronics America, Inc., et al. | | |

for CAFA explains that "if minimal diversity exists at the time of removal, jurisdiction could not be divested, even if the situation changed as a result of a later event, 'whether beyond the plaintiff's control or the result of his volition.'") (citation omitted); see also id. at 1279 (holding that the Ninth Circuit's CAFA jurisprudence does not "permit plaintiffs to amend their class definition, add or remove defendants, or add or remove claims in such a way that would alter the essential jurisdictional analysis" after removal). The Court therefore denies Plaintiff's Motion to Remand.

According to SEA's Motion to Compel Arbitration, the outside of the box containing the Samsung Galaxy S22+ mobile phone Plaintiff purchased stated: "IMPORTANT INFORMATION If you use or retain the device, you accept Samsung's Terms and Conditions, including an Arbitration Agreement. Full terms, warranty and opt-out information are at www.samsung.com/us/support/legal/mobile, the enclosed materials, & device settings. Additionally, upon opening the box, Plaintiff received a guide with her phone that included an arbitration agreement. Finally, when setting up her phone, the set-up process again notified Plaintiff of the terms and conditions, including the arbitration agreement, with screens providing hyperlinks to the terms and conditions, including the arbitration agreement, and Plaintiff could not advance through the set-up process without agreeing to the terms and conditions.[1]

The Federal Arbitration Act ("FAA") provides that any arbitration agreement within its scope "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218, 105 S. Ct. 1238, 1241, 84 L. Ed. 2d 158 (1985) (emphasis in original). Under the FAA, a court's role is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does (2) whether the agreement encompasses the dispute at issue. If the response is affirmative on both courts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (internal citations omitted).

Plaintiff did not timely or otherwise file an Opposition to the Motion to Compel Arbitration. See Local Rule 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."). Both

---

[1]     SEA allows a consumer to opt out of the binding arbitration agreement, but Plaintiff did not do so.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV 25-8752 PA (MBKx) | Date | November 5, 2025 |
|---|---|---|---|
| Title | Telon Weathington v. Samsung Electronics America, Inc., et al. | | |

because Plaintiff did not file an Opposition, and SEA has established the existence of a valid arbitration agreement encompassing the dispute at issue, the Court grants SEA's Motion to Compel Arbitration.

 For all of the foregoing reasons, the Court denies Plaintiff's Motion to Remand and grants SEA's Motion to Compel Arbitration. The Court orders Plaintiff to submit her individual claims to arbitration. This action is stayed pending completion of the arbitration proceedings. See 9 U.S.C. § 3. The parties shall file a Joint Status Report within fourteen (14) days of the completion of the arbitration. If the arbitration is not completed by March 1, 2026, the parties shall file a Joint Status Report beginning on that date and continuing every four months until the arbitration is completed. Failure to file the required Joint Status Report may, without further warning, result in dismissal of this action without prejudice. The Scheduling Conference, calendared for November 10, 2025, is taken off calendar and vacated.

 IT IS SO ORDERED.